UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X CASE NO: 19 CV 3489 (JPO)
JAHUMI HARRIGAN,

    PLAINTIFF,

-against-
    PLAINTIFFS' FIRST AMENDED
    COMPLAINT (per Sept. 17, 2019
    Order of The Hon. J.Paul Oetken,
    United States District Court Judge)

    (Plaintiff demands a trial by jury
    Of all issues herein)

THE CITY OF NEW YORK; POLICE OFFICER
DARNELL JONES; DETECTIVE FRANKIE SOLER;
AND SERGEANT JOSE PEREZ,

    DEFENDANTS.
-------------------------------------------------------------X

    The plaintiff, by and through his attorney Gary S. Fish, Esq., sets forth the following as his First Amended Complaint, pursuant to the entered Sept. 17, 2019, Order of The Honorable J. Paul Oetken, United States District Court Judge, Southern District of New York, directing plaintiff's counsel to file and serve a First Amended Complaint herein, no later than October 8, 2019, which initial complaint was filed in Court on April 19, 2019, 1139AM, and served on defendant The City of New York on May 7, 2019, 1251PM.

-1-

Gary S. Fish, Esq. (GSF 6551)
Attorney for the Plaintiff
30 Vesey Street, 15th Floor
New York, New York 10007
(212) 964-5100

## I. PARTIES AND JURISDICTION

1. On or about April 23, 2016, and at all times relevant herein, the plaintiff, an African-American Male, resides at 230 West 131st Street, #7E, NY, NY 10027.

2. On or about April 23, 2016, and at all times relevant herein, on information and belief, the defendant The City of New York was and is a domestic corporation lawfully organized and existing under the laws of the State of New York, and on said date and at all times relevant herein, said defendant had and has a principal place of business located at 530 Municipal Building, New York, New York 10007.

3. On or about April 23, 2016, and at all times relevant herein, on information and belief, previously designated defendants "John Doe" and "Richard Roe", whose true names were presently unascertained, when the initial complaint herein was filed in Court on April 19, 2019, 1139AM, Receipt #ANYSDC-16732922, were and are respectively Police Officer Darnell Jones, Shield #4160, NYPD, 20th Precinct, 120 West 82nd Street, NY, NY 10024, and Detective Frankie Soler, Shield #27130, NYPD, 41st Precinct, 1035 Longwood Avenue, Bronx, NY 10459 (defendant Detective Soler was at the time of this alleged 4-23-16 incident, the partner of defendant Police Officer Darnell Jones) and each act of wrongdoing herein alleged to have been committed by said defendants within the scope of their agency and/or authority and/or employment and/or a municipality implemented policy, statement, ordinance, regulation and/or decision officially adopted by that body's officers, resulting in the herein after stated constitutional violations, on behalf of defendant The City of New York, which expressly and/or impliedly ratified each act of wrongdoing herein after alleged to have been committed by defendant Police Officer Darnell Jones ("John Doe"

-2-

previously) and defendant Detective Frankie Soler ("Richard Roe" previously).

4. Pursuant to 28 U.S.C. Section 1343(a)(3), the Federal Court herein has original jurisdiction to redress the deprivation of civil rights under color of any State law, statute, ordinance of any right privilege, or immunity secured by the U.S. Constitution, providing for equal rights of citizens or of all persons within U.S. jurisdiction, and jurisdiction exists herein.

5. On or about April 23, 2016, and at all times relevant herein, defendant Sergeant Jose Perez, who assisted defendants Jones and Soler herein, was the supervising officer at the scene of the herein after described arrest of plaintiff, and this defendant at all times relevant herein, Shield #44499, NYPD, had and has a place of business located at Manhattan North Specialized Unit, 530 West 126th Street, NY, NY 10027, and each act of wrongdoing herein after Alleged to have been committed by this defendant was committed within the scope of his agency And/or authority and/or employment and/or part of a willful and/or deliberately implemented policy, rule, regulation and/or order of the aforesaid municipality defendant The City of New York.

6. Pursuant to 28 U.S.C. Section 1391(b), in a case in which jurisdiction is not solely founded on diversity jurisdiction, such as the present case, venue is proper where the defendant resides or a judicial district where a substantial part of the events giving rise to the claim occurred, and venue is proper therefor in the United States District Court, Southern District of New York.

COUNT I
(VIOLATION OF FOURTH AMENDMENT CLAIM PURSUANT TO 42 U.S.C. SECTION 1983)

7. On or about April 23, 2016, at approximately 1200AM, while the plaintiff was lawfully traversing in and around 131st and 8th Avenue, NY, NY and was drinking a non-alcoholic

-3-

beverage, to wit, a Red Bull, out of a cup with ice, the defendants, plainclothes police officers, told plaintiff to "stop right there" and requested that plaintiff produce his identification as well as his job ID which identified him correctly as a Registered Nurse.

8. After produced his two (2) forms of ID as so noted, defendants Jones, Soler and Perez Surrounded plaintiff, took the cup filled with ice out of his hand, and then identified themselves for the first time, as police officers.

9. Although plaintiff fully complied with said defendant police officer requests, one defendant stated "What do you want to do with him?" and the other defendant police officer, believed to be defendant Soler stated "We can just take him (in)", and plaintiff was then arrested for open container of alcohol, Summons #4421930510, Docket #2016SN024381.

10. The arrest of plaintiff constituted a violation of his Fourth Amendment right against unreasonable searches and seizures as defendants, who were acting herein willfully and deliberately according to a municipality implemented policy, statement, ordinance, regulation and/or decision officially adopted by that body's officers herein, did not have reasonably articulable suspicion to arrest plaintiff after he complied with defendants request to produce his two (2) forms of ID, with which he did so comply, an defendant The City of New York expressly and/or impliedly ratified said conduct.

11. As a result of defendants' constitutional violation herein, plaintiff was caused to sustain Loss of liberty, and sustained anxiety, stress and depression.

12. As a result of defendants' constitutional violation herein, plaintiff was caused to sustain injuries to his right wrist, right shoulder, right hand, and body, and incurred hospital, medical and medical-related expenses.

-4-

13. The criminal case against plaintiff was dismissed on July 20, 2016, by Judge J. Cataldo, Part SAP, 346 Broadway, NY, NY 10013, per the attached certificate of Disposition #66377. The July 8, 2019 executed and notarized unsealing authorization, is also attached hereto.

COUNT II
( VIOLATION OF 42 U.S.C. 1983, EXCESSIVE FORCE)

14. Plaintiff herewith repeats, restates and realleges Paragraphs 1-13 herein above.

15. At all times relevant herein, defendants used excessive force and/or intentionally made a harmful and/or offensive touching, unprivileged and/or unjustified, with the person of plaintiff, resulting in the aforesaid injuries and damages, in violation of plaintiff's constitutional rights.

16. Defendants' excessive force was the result of a municipality implemented statement, policy, ordinance, regulation and/or decision officially adopted by that body's officers, resulting in a constitutional violation, and defendant The City of New York also expressly and/or impliedly ratified said conduct.

COUNT III
(VIOLATION OF 42 U.S.C SECTION 1983, MALICIOUS PROSECUTION)

17. Plaintiff herewith repeats, restates and realleges Paragraphs 1-16 herein above.

18. The criminal prosecution against plaintiff, was wanton, willful, egregious, without probable cause and/or was malicious, and was favorably terminated on July 20, 2016 when The criminal case against plaintiff, as aforestated, was dismissed.

19. The criminal prosecution of plaintiff, an African-American Male was part of a

-5-

19 (con) municipality implemented policy, statement, ordinance, regulation and/or decision to arrest and criminally prosecute individuals, including African-American Males, who allegedly committed alcohol-related violations in public, , which said policy was officially adopted by that body's officers, resulting in constitutional violations herein, and defendant The City of New York expressly and/or impliedly ratified said conduct herein.

20 Defendants violation of 42 U.S.C. Section 1983, was willful, and deliberate, wrongful, intentional, egregious, oppressive and opprobrious, was calculated to and did result in loss of plaintiff's liberty and property rights, and defendants are therefor liable for punitive damages.

21. As a result of defendants violation of 42 U.S.C. Section 1983, the plaintiff incurred reasonable attorney fees and costs.

WHEREFORE, plaintiff prays for relief as follows:

AS AND FOR EACH OF THE FIRST AND SECOND COUNTS:

1. For damages in the amount of Two Hundred Thousand Fifty Thousand Dollars and Zero Cents ($250,000.00);

2. For costs;

3. For disbursements; and

4. For any other just relief deemed proper by the Court.

AS AND FOR THE THIRD COUNT:

1. For general damages in the amount of Two Hundred Fifty Thousand Dollars and Zero Cents ($250,000.00);

2. For punitive and exemplary damages in the amount of One Million Dollars and Zero Cents ($1,000,000.00);

3. For reasonable attorney fees and costs;

4. For disbursements; and

-6-

5. For any other just relief deemed proper by the Court.

DATED: NEW YORK, NEW YORK
OCTOBER 3, 2019

Respectfully submitted,

Gary S. Fish, Esq. (GSF 6551)
Attorney for the Plaintiff
30 Vesey Street, 15th Floor
NY, NY 10007; (212) 964-5100

**From:** NYSD_ECF_Pool <NYSD_ECF_Pool@nysd.uscourts.gov>
**To:** CourtMail <CourtMail@nysd.uscourts.gov>
**Subject:** Activity in Case 1:19-cv-03489 Harrigan Complaint
**Date:** Fri, 19 Apr 2019 11:39

---

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.

*****NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

**U.S. District Court**

**Southern District of New York**

## Notice of Electronic Filing

The following transaction was entered by Fish, Gary on 4/19/2019 at 11:39 AM EDT and filed on 4/19/2019

**Case Name:** Harrigan
**Case Number:** 1:19-cv-03489
**Filer:** Jahumi Harrigan
**Document Number:** 1

**Docket Text:**
COMPLAINT against Jahumi Harrigan. (Filing Fee $ 400.00, Receipt Number ANYSDC-16732922)Document filed by Jahumi Harrigan.(Fish, Gary)

**1:19-cv-03489 Notice has been electronically mailed to:**

Gary Stuart Fish garysfishesq@aol.com

Jahumi Harrigan garysfishesq@aol.com

**1:19-cv-03489 Notice has been delivered by other means to:**

The following document(s) are associated with this transaction:

**Document description:**
**Original filename:**
**Electronic document Stamp:**

Main Document n/a [STAMP dcecfStamp_ID=1008691343 [Date=4/19/2019] [FileNumber=22007568

CERTIFICATE OF DISPOSITION
NUMBER: 68377

FEE: $10.00

COUNTY OF NEW YORK

THE PEOPLE OF THE STATE OF NEW YORK
VS.
HARRIGAN, JAHUMIA
DEFENDANT

230 W 131ST ST 7E
ADDRESS

NEW YORK         NY      10027-2022
CITY             STATE   ZIP

DOCKET NUMBER: 2016SN024381

ARRAIGNMENT CHARGES
AC 10-125(b) V

CASE DISPOSITION INFORMATION:
DATE        COURT ACTION
7/20/2016   DISMISSED

JUDGE         PART
CATALDO, J    SAP

DATE OF BIRTH
04/30/1987

ISSUE DATE
04/23/2016

SUMMONS NUMBER: 4421930510

I HEREBY CERTIFY THAT THIS IS A TRUE EXCERPT OF THE RECORD ON FILE IN THIS COURT.

COURT OFFICIAL SIGNATURE AND SEAL
DATE  07/08/2019

CAUTION: THIS DOCUMENT IS NOT OFFICIAL UNLESS EMBOSSED WITH THE COURT SEAL OVER THE SIGNATURE OF THE COURT OFFICIAL.

CITY OF NEW YORK
OFFICE OF CORP. COUNSEL
COMMUNICATIONS UNIT
2019 JUL -8 P 4: 05

**CONSENT AND AUTHORIZATION FOR RELEASE OF RECORDS SEALED BY LAW, INCLUDING RECORDS SEALED PURSUANT TO CRIMINAL PROCEDURE LAWS 160.50**

Whereas; I, Jahumi Harrigan, residing at 230 West 131st Street APT, NY NY 10027, date of birth: 4/30/1987 and Social Security # [illegible] NYSID # ____________, having caused a Notice of Claim to be served upon the City of New York, demanding money damages for false arrest, false imprisonment, malicious prosecution, assault and battery, and/or other allegations, I hereby waive my statutory rights, for purposes of this claim, to keep sealed the records of my arrest on or about 4-22-2016, including all records maintained by law enforcement agencies, criminal courts, and/or district attorney's office. If my case proceeded in the criminal courts, the docket # was 2016SN024381
Summons # 4421930510 and the case was dismissed on 7-20-2016, SAP, Judge [illegible].

Whereas, it is necessary for the City of New York to have access to the aforementioned records of my arrest and any related criminal proceedings and incarceration in order to evaluate and review my claim, and prepare its defense thereto, I hereby authorize any and all governmental agencies, bodies and employees having custody of such records to release such records to the Office of the Comptroller or the Office of the Corporation Counsel of the City of New York, or its authorized agent or employee. I specifically authorize the New York City Police Department; NY County District Attorney's Office; New York State Supreme Court, NY County, Criminal Term; and New York City Criminal Court to disclose any and all records in their possession relating to the aforementioned arrest and docket number to the Office of the Corporation Counsel of the City of New York, or its authorized agent or employee. And a fully executed photocopy has same force + effect as an original thereof.

PLAINTIFF/CLAIMANT

Jahumi Harrigan

Sworn to before me this 8th day of July 2019.

NOTARY PUBLIC

[illegible] Solis
Commissioner of Deeds, City Of New York
No. [illegible]852
Certified in New York County
Comission Expires May 1, 2021

CITY OF N.Y. LAW DEPT.
OFFICE OF CORP. COUNSEL
COMMUNICATIONS UNIT
2019 JUL -8 P 4:05