```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                                  :
JAHUMI HARRIGAN,                                                  :
                                                                  :
                                Plaintiff,                        :
                                                                  :           19-cv-3489 (LJL)
        -v-                                                       :
                                                                  :           OPINION AND ORDER
CITY OF NEW YORK, et al.,                                         :
                                                                  :
                                Defendants.                       :
                                                                  :
------------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/20/2020

LEWIS J. LIMAN, United States District Judge:

Plaintiff Jahumi Harrigan ("Plaintiff") brings claims pursuant to 42 U.S.C. § 1983 ("Section 1983") against the City of New York, Police Officer Darnell Jones ("Jones"), Detective Frankie Soler ("Soler"), and Sergeant Jose Perez ("Perez") (collectively "Defendants"). Plaintiff claims that his civil rights were violated in connection with his arrest by Defendants in 2016. Defendants move, pursuant to Rule 12(b)(5) and 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss the First Amended Complaint, Dkt. No. 30 ("Amended Complaint" or "Am. Compl."). *See* Dkt. No. 58. For the reasons stated below, the motion is granted.

## BACKGROUND

The following facts are taken from Plaintiff's Amended Complaint and are assumed to be true for the purposes of this opinion. *See Austin v. Town of Farmington*, 826 F.3d 622, 625 (2d Cir. 2016).

On or about April 23, 2016, Plaintiff was walking "in and around" 131st Street and 8th Avenue in Manhattan, New York, and was "drinking a non-alcoholic beverage, to wit, a Red Bull, out of a cup with ice," when he was stopped by Defendants Jones, Soler, and Perez

("Individual Defendants"), who were dressed in plainclothes and requested that Plaintiff produce identification. Am. Compl. ¶¶ 7-8. After Plaintiff complied, one (unspecified) defendant asked, "[W]hat do you want to do with him" to which another (unspecified) defendant replied, "[W]e can just take him [in]." *Id*. ¶ 9. Plaintiff was then arrested for carrying an open container of alcohol. *Id*. As a result of the arrest, the Amended Complaint avers, Plaintiff experienced anxiety, stress, and depression, as well as injuries to his right wrist, right shoulder, right hand, and body, for which he incurred medical expenses. *Id*. ¶¶ 11-12. A criminal prosecution against Plaintiff followed, which was dismissed on July 20, 2016. *Id*. ¶¶ 13, 18.

Plaintiff filed the first complaint in this action on April 19, 2019 ("Original Complaint"), naming as Defendants City of New York, "John Doe," and "Richard Doe." Dkt. No. 1. Importantly, for reasons discussed below, the Clerk of Court noted deficiencies with the Original Complaint, namely, the PDF file containing the complaint was not correctly formatted; not all of the parties were entered on the electronic filing system; and the Plaintiff's electronic selections resulted in the docket text accompanying the complaint indicating that the Original Complaint was pleading claims *against* Jahumi Harrigan, who in fact is the Plaintiff. *See* Docket, Notice to Attorney (Apr. 22, 2019).[1] Plaintiff re-filed the complaint, addressing some but not all of these deficiencies, on April 25th, 2019. *See* Dkt. No. 6; Docket, Notice to Attorney (Apr. 26, 2020). Indeed, a correctly electronically filed complaint free of defects was not entered on the Court's

---

[1] The Court takes notice of the docket for the purpose of analyzing Defendants' statute of limitations contentions. *See Staehr v. Hartford Fin. Servs. Grp., Inc.*, 547 F.3d 406, 425 (2d Cir. 2008) ("Although the general rule is that a district court may not look outside the complaint and the documents attached thereto in ruling on a Rule 12(b) motion to dismiss, we have acknowledged that the court 'may also consider matters of which judicial notice may be taken.' We have stated that, 'Dismissal under FED. R. CIV. P. 12(b)(6) is appropriate when a defendant raises . . . [a statutory bar] as an affirmative defense and it is clear from the face of the complaint, and matters of which the court may take judicial notice, that the plaintiff's claims are barred as a matter of law.'") (internal citations omitted).

2

docket until October 7, 2019 when the Amended Complaint was correctly filed (and even then, only after two attempts to file the Amended Complaint were also deemed deficient by the Clerk of Court).  *See* Dkt. Nos. 26, 28, 30.

The Amended Complaint contains the same basic factual allegations as the Original Complaint, but the Parties are different and new counts have been added.  The Amended Complaint replaces Defendants "John Doe" and "Richard Doe" with Defendants Jones, Soler, and Perez.  Further, whereas the Original Complaint pleads only unlawful search and seizure, the Amended Complaint adds claims for excessive force and malicious prosecution.  *See* Am. Compl. ¶¶ 7-20.

Defendants argue that the Amended Complaint must be dismissed because the claims are time-barred by the statute of limitations; the new claims in the Amended Complaint do not relate back to the Original Complaint; the Individual Defendants have not been properly served; and the Amended Complaint fails to state a claim upon which relief can be granted.

## LEGAL STANDARDS

A claim can survive a Rule 12(b)(6) motion only if the Plaintiff alleges facts sufficient to "state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim meets this standard "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*  Ultimately, if the pleadings "have not nudged [plaintiff's] claims across the line from conceivable to plausible, [the] complaint must be dismissed." *Twombly*, 550

U.S. at 570.[2]

"Where the dates in a complaint show that an action is barred by a statute of limitations, a defendant may raise the affirmative defense in a pre-answer motion to dismiss." *Ghartey v. St. John's Queens Hosp.*, 869 F.2d 160, 162 (2d Cir. 1989). Moreover, if it appears from a complaint that the claims are *prima facie* time-barred, the burden is on the plaintiff to "plausibly alleg[e] that they fall within an exception to the applicable statute of limitations." *Twersky v. Yeshiva Univ.*, 993 F. Supp.2d 429, 436 (S.D.N.Y. 2014) (citing cases).

## DISCUSSION

**A.    The claims against the Individual Defendants are time-barred and do not relate back to the Original Complaint.**

A threshold question is which claims, if any, were brought against the Individual Defendants within the applicable statute of limitations. Section 1983 does not provide a specific statute of limitations. "Thus, courts apply the statute of limitations for personal injury actions under state law," which in New York is three years. *Hogan v. Fischer*, 738 F.3d 509, 517 (2d Cir. 2013); *see Pearl v. City of Long Beach*, 296 F.3d 76, 79 (2d. Cir. 2002) ("In section 1983 actions, the applicable limitations period is found in the 'general or residual [state] statute [of limitations] for personal injury actions.'") (quoting *Owens v. Okure*, 488 U.S. 235, 249-50 (1989)); N.Y. C.P.L.R. § 214(5). Unlike the statute of limitations, "the accrual date of a § 1983 cause of action is a question of federal law." *Wallace v. Kato*, 549 U.S. 384, 388 (2007). In general, a Section 1983 claims accrues, and the period of the statute of limitations begins to run,

---

[2] Because the Court dismisses the claims on 12(b)(6) grounds, it need not address the 12(b)(5) standards.

"when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Hogan*, 738 F.3d at 518 (quoting *Pearl*, 296 F.3d at 80) (internal quotation marks omitted); *see Singleton v. City of New York*, 632 F.2d 185, 191 (2d. Cir. 1980) (accrual occurs "when the plaintiff knows or has reason to know of the injury which is the basis of his action") (internal quotation marks and citation omitted).

"A [Section] 1983 false arrest claim accrues at the time the alleged false arrest ends (*i.e.*, when the arrestee becomes held pursuant to legal process)." *Hincapie v. City of New York*, 2020 WL 362705, at *10 (S.D.N.Y. Jan. 22, 2020) (citing *Wallace*, 549 U.S. at 389). Accordingly, "a [Section] 1983 claim for false arrest generally accrues on the date of the arrest." *Tripathy v. City of New York*, 2020 WL 1699997, at *2 (S.D.N.Y. Apr. 6, 2020) (citation omitted). Likewise, a Section 1983 claim for excessive force accrues on the date the excessive force took place. *See Daniels v. City of New York*, 2019 WL 1437586, at *2 (S.D.N.Y. Mar. 31, 2019) (citing *Forbes v. City of New York*, 2016 WL 6269602, at *3 (S.D.N.Y. Oct. 26, 2016) ("In the context of an excessive force claim, the clock starts running when the use of force occurred.")). Plaintiff's claims for false arrest and excessive force accrued on April 23, 2016, the date of his arrest.

A Section 1983 claim for malicious prosecution "accrues only once the underlying criminal proceedings have resolved in the Plaintiff's favor." *McDonough v. Smith*, 139 S.Ct. 2149, 2156 (2019); *see Heck v. Humphry*, 512 U.S. 477, 484 (1984). In this case, Plaintiff's criminal case was dismissed, and his malicious prosecution claim accrued, on July 20, 2016. Am. Compl. ¶¶ 13, 18.

Defendants argue that Plaintiff did not file a complaint within the limitations period of Plaintiff's false arrest and excessive force claims. *See* Dkt. No. 58 at 8-10. Although the first filing on the docket, containing the Original Complaint, was entered on April 19, 2019, *see* Dkt. No. 1, Defendants argue that the deficiencies noted by the Clerk of Court (discussed *supra*) rendered the Original Compliant insufficient to commence the action for limitations purposes. The Court rejects this argument.

Federal Rule of Civil Procedure 3 provides that "[a] civil action is commenced by filing a complaint with the Court." Fed. R. Civ. P. 3. Federal Rule of Civil Procedure 5(d)(4) elaborates that "[t]he clerk must not refuse to file a paper solely because it is not in the form prescribed by these rules or by a local rule or practice." Fed. R. Civ. P. 5(d)(4). Thus, "[f]iling a compliant requires nothing more than delivery of the document to a court officer authorized to receive it." 4 C. Wright, A. Miller, & E. Cooper, *Federal Practice and Procedure* § 4417 (4th ed. 2020) (collecting cases); *see, e.g., Farzna v. Indiana Dep't of Ed.*, 473 F.3d 703, 704, 706 (7th Cir. 2006) (finding that a complaint was timely filed where it was submitted to the Court's electronic filing system on the last day of the limitations period but was automatically rejected because it contained the docket number of a prior dismissed action; concluding "the complaint was tendered to the clerk's office on the 30th day, and the computer's reaction does more to show the limits of some programmer's imagination than to render the suit untimely").[3] The deficiencies

---

[3] Defendant cites *Sanchez v. Ehrlich*, 2018 WL 2084147, at *4 (S.D.N.Y. Mar. 20, 2018), which states that "[f]or purposes of the statute of limitations, a federal action is commenced when the Complaint is filed *without any further requirements*." (emphasis added). To the extent that *Sanchez* can be read as holding that formal electronic filing deficiencies render a complaint not filed for purposes of the limitations period, this Court disagrees. The cases to which *Sanchez* cites for this proposition point ultimately to *Rosenberg v. Martin*, in which Judge Friendly agreed with the lower court that an action commenced when the Clerk of Court received the complaint, notwithstanding

6

noted by the Clerk of Court were not addressed to any substantive feature of the complaint itself but to the form of its electronic filing.  *See Cong. v. D.C.*, 324 F. Supp. 3d 164, 174 (D.D.C. 2018) (noting that issue of form, such as paper size or failure to pay a filing fee, are improper bases under Rule 5(d)(4) for a clerk to reject a filing).  The limitations period for the claim brought in the Original Complaint ran until April 23, 2019.  The Original Complaint was filed on April 19, 2019.  It was timely.

This does not resolve the question of whether Plaintiff's claims against the Individual Defendants in the Amended Complaint were timely filed.  The Amended Complaint was first filed (subject once again to formal corrections required by the Clerk of Court) on October 3, 2019, after the limitations period of all of Plaintiff's claims had run.  *See* Dkt. No. 26.  This was the first time any of the individual defendants were named by Plaintiff.  "Generally, 'John Doe' pleadings cannot be used to circumvent statutes of limitations because replacing a 'John Doe' with a named party in effect constitutes a change in the party sued." *Hogan*, 738 F.3d at 517 (citation and internal quotation marks omitted).  Therefore, the claims against Jones, Soler and Perez are only timely if they relate back to the Original Complaint.

Federal Rule of Civil Procedure 15(c)(1) governs when an amended pleading relates back to the original pleading.  Rule 15(c)(1)(A) provides that an amended pleading may only relate back when "the law that provides the applicable statute of limitations allows relation back."[4]

---

that the complaint was not "formally filed" until over a month later "because filing had to await . . . [a ruling on a] motion to proceed *in forma paueris*." 478 F.2d 520, 522 n.1a (2d. Cir. 1973).

[4] Neither Rule 15(c)(1)(B) nor (C) applies to the substitution of 'John Doe' defendants.  *See Lewis v. City of New York*, 2019 WL 2766503, at *3 n.2 (S.D.N.Y. July 2, 2019) (Rule 15(c)(1)(B) does not apply where a new party is added; Rule 15(c)(1)(C) permits relation back where a plaintiff made a *mistake* of defendant's identity, but not

Fed. R. Civ. P. 15(c)(1)(A).  In this case, the Court must look to New York law to analyze relation back under Rule 15(c)(1)(A).

Section 1024 of the New York Civil Practice Law and Rules permits relation back for amendments naming John Doe defendants when the pleading party (1) "exercised due diligence, prior to the running of the statute of limitations, to identify the defendant by name," and (2) "described the John Doe party 'in such form as will fairly appraise the party that he is the intended defendant.'" *Hogan*, 738 F.3d at 519 (quoting *Bumpus v. NYC Transit Auth*., 883 N.Y.S. 2d 99, 104 (2d Dep't 2009)); N.Y. C.P.L.R. § 1024.

Plaintiff fails to meet the first element of the Section 1024 standard.  "Federal and New York courts have held that where there is no indication in the record that a plaintiff has exercised due diligence prior to the expiration of the statute of limitations, a plaintiff is not entitled to make use of the 'John Doe' procedure provided in CPLR § 1024."  *Ceara v. Deacon*, 68 F. Supp. 3d 402, 409 (S.D.N.Y. 2014) (collecting cases); *see Barrett v. City of Newburgh*, 2017 WL 1102672, at *6 (S.D.N.Y. Mar. 23, 2017), *aff'd*, 720 F. App'x 29 (2d Cir. 2017) (due diligence standard not met where plaintiff appeared not to have endeavored to identify defendants within the limitation period, whereas "[p]laintiff could have served discovery demands upon the known parties, sought disclosures pursuant to a Freedom of Information Law ('FOIL') request, or written letters to the Attorney General's Office") (citing *Bumpus*, 883 N.Y.S.2d at 104);

---

where plaintiff did not *know* defendant's identity) (citing *Hogan*, 738 F.3d at 518); *see also Barrow v. Wethersfield Police Dep't*, 66 F.3d 466, 470 (2d Cir. 1995) ("[T]he failure to identify individual defendants when the plaintiff knows that such defendants must be named cannot be characterized as a mistake."); *Vasconcellos v. City of New York*, 2014 WL 4961441, at *6-7 (S.D.N.Y. Oct. 2, 2014) (*Barrow*'s holding with respect to Rule 15(c)(1)(C) remains good law even after the Supreme Court's ruling in *Krupski v. Costa Crociere*, 560 U.S. 538, 541 (2010)) (collecting cases).

*Vasconcellos*, 2014 WL 4961441, at *9 (rejecting a Section 1024 relation back argument on the grounds that "nothing before the [c]ourt indicates that [the plaintiff] took any steps to ascertain the [o]fficer [d]efendants' identities prior to retaining counsel" and "the declaration submitted by [plaintiff's] attorney contains no indication that he exercised due diligence . . . to identify the officer defendants' identities before [the expiration of the statute of limitations]"); *JCG v. Ercole*, 2014 WL 1630815, at *14 (S.D.N.Y. Apr. 24, 2014) (plaintiff did not meet due diligence standard because he "wait[ed] until the statute of limitations had nearly run to file his complaint" and "appear[ed] to have expended no efforts at all to identify the [i]ndividual [d]efendants in the three years that followed [the incident that was the subject of the complaint]"); *Williams v. United States*, 2010 WL 963474, at *13 (S.D.N.Y. Feb. 25, 2010) (due diligence standard not met where plaintiff "provided no information regarding his pre-filing efforts to identify the [i]ndividual [d]efendants" and "appear[ed] to have expended no efforts at all to identify [defendants]" within the limitations period); *Lepore v. Town of Greenburgh*, 992 N.Y.S.2d 329, 332 (2d Dep't 2014) (the lower court erred in denying defendants' motion to dismiss because plaintiffs "failed to raise a triable issue of fact as to whether they exercised due diligence in attempting to identify and serve the ['john doe' defendants]" before the statute of limitations expired); *Temple v. New York Cmty. Hosp.*, 933 N.Y.S.2d 321, 323 (2d Dep't 2011) (lower court erred in finding due diligence standard was met where "[t]here [was] no indication in the record that the plaintiff engaged in any pre-action discovery or Freedom of Information Law . . . requests[,]" and plaintiff likewise failed to diligently use discovery to ascertain defendants' identities); *cf. Hogan*, 738 F.3d at 519 (due diligence standard met where plaintiff "diligently sought to identify the ['John Doe' defendants] by submitting multiple discovery requests to the

9

Attorney General's office") (citation and internal quotation marks omitted); *Mabry v. New York City Dept. of Corrections*, 2008 WL 619003, at *6 (S.D.N.Y. Mar. 7, 2008) (allowing relation back where plaintiff's first complaint was well within statute of limitations and she "aggressively sought the identities of the defendants").

The Amended Complaint is silent with respect to due diligence and does not contain any factual pleadings from which the Court could find that Plaintiff exercised due diligence. Moreover, as in the cases cited above, here there is nothing in the record suggesting that Plaintiff made any effort to identify the Individual Defendants within the limitations period. While Plaintiff "could have served discovery demands upon the known parties, sought disclosures pursuant to a Freedom of Information Law ('FOIL') request, or written letters to the Attorney General's office," nothing in the record shows that Plaintiff undertook those or any other efforts to identify defendants within the statutory period. *Barrett*, 2017 WL 1102672, at *6 (citing *Bumpus*, 883 N.Y.S.2d at 104).[5] Rather, Plaintiff "wait[ed] until the statute of limitations had nearly run to file his complaint," *JCG*, 2014 WL 1630815, at *14, "provided no information regarding his pre-filing efforts to identify the [i]ndividual [d]efendants," and "appear[ed] to have expended no efforts at all to identify [defendants]" within the limitations period, *Williams*, 2010 WL 963474, at *13. Accordingly, the claims against the Individual Defendants do not relate back under C.P.L.R. § 1024.

---

[5] This case is distinguishable on the facts from *Lewis*, 2019 WL 2766503, at *3, in which the court declined to find at the motion to dismiss stage that Plaintiff did not exercise due diligence under Section 1024. The plaintiff there, who was *pro se*, claimed to have ordered his criminal case file "on numerous occasions in the months preceding the filing of [his] amended complaint." *Id.* (internal quotation marks omitted).

Relation back is also permitted by New York law under C.P.L.R. § 203. Subsection 203(c) provides, "In an action which is commenced by filing, a claim asserted in the complaint is interposed against the defendants or a co-defendant united in interest with such defendant when the action is commenced." Subsection 203(f) provides, "A claim asserted in an amended pleading is deemed to have been interposed at the time the claims in the original pleading were interposed, unless the original pleading does not give notice of the transactions, occurrences, or series of transactions or occurrences, to be proved pursuant to the amended pleading." However, New York courts have held that relation back is not permitted under Section 203 unless "the new party knew or should have known that, but for an excusable mistake by plaintiff as to the identity of the proper parties, the action would have been brought against him as well." *Malament v. Vasap Const. Corp.*, 728 N.Y.S.2d 381, 381 (2d Dep't 2001) (quoting *Buran v. Coupal*, 87 N.Y.2d 173, 178 (1995)); *see Bryant v. S. Nassau Cmty.'s Hosp.*, 874 N.Y.S.2d 519, 520 (2d Dep't 2009); *Bumpus*, 883 N.Y.S.2d at 107–08; *Mondello v. N.Y. Blood Ctr.-Greater N.Y. Blood Program*, 80 N.Y.2d 219, 226 (1992). "This requirement closely tracks the federal relation-back requirement of Rule 15(c)(1)(C). *Vasconcellos*, 2014 WL 4961441, at *8. Neither Rule Fed. R. Civ. P. 15(c)(1)(C) nor C.P.L.R. § 203 permit relation back in the circumstances here. *See supra*, n.4.

The claims against individual defendants Jones, Soler, and Perez were not timely brought. The Federal Rules of Civil Procedure—and the New York State rules to which the

11

Federal Rules point—do not permit the claims to relate back to the filing of the Original Complaint. They must be dismissed.[6]

## B. The Amended Complaint fails to state a claim for municipal liability under Section 1983.

"[A] city cannot be held liable under § 1983 on a theory of *respondeat superior*." *Amnesty Am. v. Town of W. Hartford*, 361 F.3d 113, 125 (2d Cir. 2004). Instead, "a plaintiff must demonstrate that, through its deliberate conduct, the municipality was the moving force behind the alleged injury." *Roe v. City of Waterbury*, 542 F.3d 31, 37 (2d Cir. 2008) (internal quotation marks omitted); *see Monell v. Dep't of Social Serv.*, 436 U.S. 658, 690 (1978). Thus, "to hold a city liable under § 1983 for the unconstitutional actions of its employees, a plaintiff is required to plead and prove three elements: (1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right." *Wray v. City of New York*, 490 F.3d 189, 195 (2d Cir. 2007) (quoting *Batista v. Rodriguez*, 702 F.2d 393, 397 (2d Cir. 1983)) (internal quotation marks omitted).

To establish the existence of an official policy or custom (the first element of a *Monell* claim), a plaintiff must plead either "(1) a formal policy officially endorsed by the municipality; (2) actions taken by government officials responsible for establishing the municipal policies that caused the particular deprivation in question; (3) a practice so consistent and widespread that,

---

[6] Even assuming, *arguendo*, that Plaintiff timely and adequately served the Individual Defendants within the time period permitted by the initial judge to which this case was assigned, Judge Oetken (a question the Court need not and does not reach), such service would not make the claims against the Individual Defendants timely. First, Judge Oetken's order permitting Plaintiff to serve the Amended Complaint on Defendants by November 27, 2019, *see* Dkt. No. 26, was issued on October 30, 2020—after the statute of limitations had expired on all of Plaintiff's claims. Second, the requirement that Plaintiff exercise due diligence to identify the defendant by name before the running of the statute of limitations is a necessary condition to relation back under Section 1024. *See Hogan*, 738 F.3d at 519. Plaintiff cannot be relieved of this requirement merely because he effectuates timely service.

12

although not expressly authorized, [it] constitutes a custom or usage of which a supervising policy-maker must have been aware; or (4) a failure by policymakers to provide adequate training or supervision to subordinates to such an extent that it amounts to deliberate indifference to the rights of those who come into contact with the municipal employees." *Calderon v. City of New York*, 138 F. Supp. 3d 593, 611 (S.D.N.Y. 2015) (quoting *Brandon v. City of New York*, 705 F. Supp. 2d 261, 276-77 (S.D.N.Y. 2010)).

The Amended Complaint contains no well-pled facts that can make out the first element of a *Monell* claim. It states that Plaintiff's arrest and prosecution were the result of "a municipality implemented statement, policy, ordinance, regulation and/or decision," which was "adopted by that body's officers" and that the City of New York "expressly and/or impliedly ratified said conduct." Am. Compl. ¶¶ 10, 16, 19. Plaintiff's malicious prosecution claim adds that "[t]he criminal prosecution of [P]laintiff, an African-American Male was part of . . . [such a policy] to arrest and criminally prosecute individuals, including African-American Males, who allegedly committed alcohol-related violations in public." *Id.* ¶ 19. Nothing in the Amended Complaint, however, contains any factual material to permit a reasonable inference of liability necessary to state a claim. *Ashcroft*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556); s*ee Montero v. City of Yonkers*, 890 F.3d 386, 403-04 (2d Cir. 2017) ("The mere assertion that there exists . . . a policy or custom, absent specific allegations of fact tending to support such an inference, is insufficient [to plead a claim under *Monell*].") (citation and internal quotation marks omitted); *Triano v. Town of Harrison*, 895 F.Supp.2d 526, 538 (S.D.N.Y. 2012) ("The only *facts* included in Plaintiff's Amended Complaint relate to Plaintiff's own arrest by [an individual defendant], and it is well settled that 'a custom or policy cannot be shown by pointing to a single

instance of unconstitutional conduct by a mere employee of the [government].'") (quoting *Newton v. City of New York*, 566 F. Supp. 2d 256, 270 (S.D.N.Y. 2008)) (emphasis original).[7] Rather, these statements are the sort of conclusory, threadbare recitals of the elements of a *Monell* claim that the Supreme Court has deemed insufficient. *Ashcroft*, 556 U.S. at 678. For that reason, Plaintiff's claims against the City of New York must be dismissed.

## CONCLUSION

For the foregoing reasons, the motion to dismiss is GRANTED and Plaintiff's claims against all Defendants are dismissed without prejudice. The Court grants Plaintiff leave, within 30 days of the date of this Order, to file an amended complaint. If no such complaint is filed within 30 days of the date of this Order, this case will be closed.

The Clerk of Court is respectfully directed to close Dkt. No. 58.


SO ORDERED.

Dated: May 20, 2020
      New York, New York

                                                      LEWIS J. LIMAN
                                                      United States District Judge

---

[7] The two cases cited by Plaintiff patently fail to support the proposition that the Amended Complaint adequately alleges a municipal policy. *See Moroughan v. Cty. of Suffolk*, 99 F. Supp. 3d 317, 322 (E.D.N.Y. 2015) (it was uncontested that plaintiffs alleged a policy and custom, which allegations included that "since 2006 [defendant's investigative body] ha[d] found that every [county police] officer involved in a shooting was justified in using deadly force . . . despite evidence to the contrary" and "citat[ion] [of] several examples of incidents which were later determined to have been unjustified in subsequent legal proceedings"); *Burber v. Incorporated Village of Garden City*, 961 F. Supp. 2d 462, 472 (E.D.N.Y. 2013) (dismissing claims against the municipal defendant for failure to allege a policy or custom).