UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 06/06/2022
```

-----------------------------------------------------------------------X
: 
JAHUMI HARRIGAN, :
:
                              Plaintiff, :
:
                    -v- :                                   19-cv-3489 (LJL)
:
CITY OF NEW YORK et al, :                          MEMORANDUM AND
:                                   ORDER
                              Defendants. :
:
-----------------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

The complaint in this case was filed on April 19, 2019 by plaintiff Jahumi Harrigan

("Plaintiff"). Dkt. No. 1. An amended complaint was filed on October 3, 2019. Dkt. No. 26.[1]

Defendants the City of New York, Police Officer Darnell Jones, Detective Frankie Soler, and

Sergeant Jose Perez (collectively "Defendants") moved, pursuant to Federal Rules of Civil

Procedure 12(b)(5) and 12(b)(6), to dismiss the amended complaint on January 30, 2020. Dkt.

No. 57. The Court granted Defendants' motion to dismiss on May 20, 2020 and dismissed

Plaintiff's claims against all Defendants without prejudice. Dkt. No. 65. The Court granted

Plaintiff leave to file an amended complaint within thirty days and warned that, if no such

complaint was filed within that time period, the case would be closed. *Id.* at 14. Plaintiff filed a

second amended complaint on May 30, 2020. Dkt. No. 66.[2]

On July 1, 2020, the Court granted a request to stay the case by Plaintiff's counsel Gary

Fish ("Fish") and stayed the case until August 2, 2020 to permit Plaintiff to obtain other counsel

---

[1] Due to filing errors, *see* Dkt. Nos. 26, 28, the amended complaint was not docketed until
October 7, 2019, Dkt. No. 30.
[2] Due to filing errors, *see* Dkt. Nos. 66–67, the second amended complaint was not docketed
until June 4, 2020, Dkt. No. 68.

because Plaintiff had terminated Fish as his attorney.  Dkt. No. 73.  On July 24, 2020, Fish moved to withdraw as attorney, Dkt. No. 74, and, on July 30, 2020, the Court ordered that Fish may file a notice of withdrawal no earlier than August 13, 2020, conditioned on either notice of appearance being filed by substitute counsel or contact information being provided for Plaintiff, Dkt. No. 75.  On August 18, 2020, Fish moved to withdraw.  Dkt. No. 76.  On August 27, 2020, the Court granted the motion, terminated Fish as counsel for Plaintiff, and mailed a copy of the order to Plaintiff.  Dkt. No. 77.

On April 19, 2021, Defendants moved to dismiss the action, pursuant to Federal Rules of Civil Procedure 41 and 11, for lack of prosecution or, alternatively, to dismiss the second amended complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6).  Dkt. No. 80.

On April 4, 2022, the Court ordered Plaintiff to file a letter on the docket by June 3, 2022 explaining why the case should not be dismissed for failure to prosecute or for failure to state a claim in response to Defendants' motion to dismiss.  Dkt. No. 81.  The Court warned Plaintiff that failure to respond may result in dismissal.  *Id.*  Plaintiff has not filed a response on the docket.

Federal Rule of Civil Procedure 41 "permits the Court to dismiss an action *sua sponte* for failure to prosecute . . . or failure to comply with an order of the Court."  *Edwards v. Horn*, 2012 WL 1292672, at *1 (S.D.N.Y. Apr. 13, 2012), *report and recommendation adopted*, 2012 WL 1592196 (S.D.N.Y. May 4, 2012); *see also* Fed R. Civ. P. 41; *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir.2001) ("[I]t is unquestioned that Rule 41(b) also gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute[.]").  "Dismissal for lack of prosecution or for failure to comply with an order of the court is a matter committed

to the discretion of the district court." *Caussade v. United States*, 293 F.R.D. 625, 629 (S.D.N.Y. 2013) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 633 (1962)).

In this Circuit, a court must consider five factors when determining whether dismissal for failure to prosecute is appropriate: whether (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions. *Lewis v. Rawson*, 564 F.3d 569, 576 (2d Cir. 2009).

Dismissal of this case for failure to prosecute is appropriate under these factors. Plaintiff has not prosecuted the case for over two years (since filing the second amended complaint). "There is no fixed period of time that must elapse before a plaintiff's failure to prosecute becomes substantial enough to warrant dismissal," *Caussade*, 293 F.R.D. at 629 (citation omitted), but "[d]elays of several months" have been found sufficient. *Id.* (collecting cases). Plaintiff was given another opportunity to prosecute the case after this Court's order on April 4, 2022, Dkt. No. 81, in which the Court ordered Plaintiff to file a letter by June 3, 2022 explaining why the case should not be dismissed for failure to prosecute or for failure to state a claim, but Plaintiff has not responded. Next, although there is no specific evidence on the record that delay will prejudice Defendants, "[p]rejudice to defendants resulting from unreasonable delay may be presumed." *Lyell Theatre Corp. v. Loews* Corp., 682 F.2d 37, 43 (2d Cir. 1982). Finally, the Court has "already given [Plaintiff] an opportunity to proceed with this action so that it would be decided on the merits," and Plaintiff's "failure to prosecute . . . demonstrate[s] that any lesser sanction would be 'an exercise in futility.'" *Edwards*, 2012 WL 1292672, at *2 (quoting *Koch v.*

*Rodenstock*, 2010 WL 2010892, at *7 (S.D.N.Y. Apr. 23, 2010)), *report and recommendation adopted*, 2010 WL 2010900 (S.D.N.Y. May 18, 2010).

For the foregoing reasons, the case is dismissed without prejudice for failure to prosecute. The Clerk of Court is respectfully directed to close Dkt. No. 80, to close the case, and to mail a copy of this this Memorandum and Order to Plaintiff.


SO ORDERED.

Dated: June 6, 2022
      New York, New York

                                    LEWIS J. LIMAN
                             United States District Judge